IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| MARSHA PLUNKETT, | * | |
|---|---|---|
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-10-1096 |
| JOHN E. POTTER, Postmaster General, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OPINION

Plaintiff Marsha Plunkett ("Plunkett"), brings this employment discrimination action against Defendant John E. Potter, in his official capacity as Postmaster General of the United States Postal Service ("Defendant" or "USPS"), Plunkett's former employer. Plunkett claims that she was unlawfully discriminated against because of her disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and that she was retaliated against for prior Equal Employment Opportunity ("EEO") activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Currently pending before this Court is Plaintiff's Motion to Request Leave to File First Amendment to Initial Complaint (ECF No. 13). Defendant filed a Response in Opposition (ECF No. 16) to Plaintiff's Motion for Leave to Amend. The parties' submissions have been reviewed and this Court held a hearing on November 10, 2010 pursuant to Local Rule 105.6 (D. Md. 2010). Although this Court ruled in favor of Plaintiff's motion at the hearing, *see* Order, ECF No. 20, this Court thinks it prudent to fully set forth the basis for that decision here. Therefore, for the reasons that follow, Plaintiff

1

Plunkett's Motion to Request Leave to File First Amendment to Initial Complaint (ECF No. 13) is GRANTED.

## BACKGROUND

Plaintiff began employment with the USPS in 1986, and at all times relevant to the Complaint, worked as a General Expediter at the Incoming Mail Facility located in Linthicum, Maryland. *See* Plunkett EEO Aff. at 1, ECF No. 10-2. As a General Expediter, Plaintiff was generally responsible for coordinating mail shipments within the Linthicum distribution facility. On January 30, 1990, Plaintiff was involved in an automobile accident while on the job and driving a USPS postal carrier vehicle. First Am. Compl. ¶ 13, ECF No. 21.[1] Plunkett suffered substantial injuries as a result of this accident, and has undergone extensive treatment and physical therapy. *Id.* at ¶¶ 14-15. Thereafter, Plunkett experienced limitations in the performance of her duties and in 2006,[2] sought and was granted a modified/limited duty expediter assignment with the USPS. *Id.* at ¶ 17. Her duties as an Expediter remained largely the same, albeit with certain medical restrictions imposed.

Although Plunkett concedes that, initially, she was provided with accommodations relating to her disability, she alleges that at certain times during her employment, she was denied requests for reasonable accommodations and that her existing accommodations were altered or rescinded. *Id.* at ¶¶ 19-22. Plunkett thereafter complained to her supervisors about her accommodation requests. From 2006 through 2008, Plunkett was, at several times, counseled,

---

[1] As a result of this Court's November 10. 2010 Order (ECF No. 20) granting Plaintiff's Motion to amend her Complaint, Plaintiff subsequently filed her First Amended Complaint (ECF No. 21) on the same day. Unless otherwise noted, this Court will reference the First Amended Complaint as opposed to the original Complaint.

[2] Plaintiff's First Amended Complaint states that Plunkett was offered the position of Limited Duty Expediter in May of 2005, but the USPS Paperwork reflecting that decision states that the date was May 23, 2006. *See* ECF No. 10-5.

reprimanded, and later disciplined for various alleged timesheet and clock violations. *See id* at ¶ 25. Plunkett alleges that these disciplinary actions were undertaken as a result of her complaints about the denials of reasonable accommodations. *See* First Am. Compl. ¶ 23. Furthermore, Plunkett alleges that she was discriminated against as a result of her disability. *Id.* at ¶ 23-32.

Following the disciplinary actions undertaken by the USPS, Plunkett filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC") on January 30, 2008. Pl.'s Mot. to Am. Compl. ¶ 11, ECF No. 13. After the informal complaint was closed, Plunkett was not satisfied, and filed a formal complaint with the EEOC in September 2008. *Id.* at ¶ 12; EEOC Compl. ECF No. 10-17. Plunkett's formal discrimination and retaliation complaint was dismissed by the EEOC on February 2, 2010. EEOC Decision, ECF No. 10-21. At the same time, the EEOC notified Plunkett, that she had a right to sue in federal district court within ninety days of the final EEOC decision. *Id.* at 17. Ninety days from February 2, 2010, set a deadline of May 3, 2010 for Plunkett to file suit in this Court.

On April 21, 2010, Plunkett received a notice of proposed termination from the USPS, instructing her that her employment with the USPS was to be terminated. First Am. Compl. ¶ 32. The notice of proposed termination became effective on July 5, 2010, and Plunkett was officially terminated on July 21, 2010. *See* ECF No. 10-22 at 3. On July 21, 2010, Plunkett filed a complaint with the Merit Systems Protection Board ("MSPB") for wrongful termination, discrimination, and retaliation. *See* MSPB Decision, ECF No. 13-3. That complaint was subsequently dismissed for lack of jurisdiction. *Id.* at 3.

Significantly, Plunkett had not yet been officially terminated when the May 3, 2010 deadline for filing suit in federal district court came about. Plunkett contends that her

3

termination was in retaliation for filing her earlier EEOC complaint. As a result, Plunkett filed her initial Complaint on April 30, 2010, and was unable to include in that Complaint a retaliation charge stemming from her final termination. Essentially, Plunkett's current Motion requesting Leave to Amend seeks leave to amend her initial Complaint in order to include a retaliation charge for her final termination. *See* Mot. to Am. Compl. ¶ 23. Plunkett contends that because this retaliation charge "is related to and arises out of the same factual scenario as Ms. Plunkett's prior EEO claim, she is not required to make a second complaint with the EEOC regarding the issue of her termination in 2010." *Id.* (citation omitted). Conversely, Defendant contends that granting leave to Plaintiff to amend her complaint would be futile as she has not exhausted her administrative remedies with regard to her final termination—in other words, Defendant argues that Plunkett must file a separate EEOC retaliation complaint, and go through the administrative processes that that entails, instead of merely amending her complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a), provides that leave to amend "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, leave should be denied only when amending the complaint would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

## ANALYSIS

Defendant argues that Plaintiff should not be permitted to amend her initial Complaint because doing so would be futile on the ground that her claim would be subsequently dismissed

4

for failure to exhaust administrative remedies. Def.'s Opp'n 1, ECF No. 16. Generally speaking, a plaintiff must file a charge of discrimination with the EEOC and exhaust her administrative remedies before filing a Title VII lawsuit. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005); *see also* 42 U.S.C. § 2000e-5(b), (f)(1). Furthermore, the "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Indeed, courts have denied leave to amend as futile discrimination claims for failure to exhaust administrative remedies. *See, e.g.*, *Dolgaleva v. Va. Beach City Pub. Sch.*, 364 Fed. Appx. 820, 824 (4th Cir. 2010).

Defendant points to the United States Supreme Court's opinion in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) for the proposition that Plunkett's retaliation claims relating to her final termination, if amended to her initial Complaint, would be futile. In *Morgan*, a former Amtrak employee sued his employer alleging several discrete unlawful employment actions and that he was subjected to a hostile work environment during his employment. *Id.* at 101-02. Some of the alleged discriminatory acts occurred within 300 days of the filing of the plaintiff's EEOC charge of discrimination, but some of the actions took place more than 300 days before the filing of the complaint. *Id.* at 106. The defendant argued that it was entitled to summary judgment on all actions that took place more than 300 days before the plaintiff filed his EEOC complaint. *Id.* Therefore, the issue in that case was whether the plaintiff was barred from recovering for discrete, but related, acts that preceded his EEOC charge by more than 300 days. *Id.* The Supreme Court held that "[e]ach incident of discrimination and each retaliatory adverse

5

employment decision constitutes a separate actionable 'unlawful employment practice,'" and that "[a]ll prior discrete discriminatory acts are untimely and no longer actionable." *Id.* at 114-15.

Defendant therefore argues that *Morgan* promulgates a bright-line rule whereby "the failure to make a timely administrative charge for a discrete act of retaliation means the claim is barred." Def.'s Opp'n 8-9, ECF No. 16. However, *Morgan* does not necessarily dispose of situations where, as here, the plaintiff has first timely filed an EEOC complaint and is later subjected to discrete acts of discrimination or retaliation. The United States Court of Appeals for the Fourth Circuit has considered this specific question and has held that once a party has properly filed an EEOC charge for discrimination, she is not required to file a new charge for retaliation that is related to claims made in the initial charge. *See Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992); *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 303 (4th Cir. 2009).

Nevertheless, Defendant argues that this Court should disregard the Fourth Circuit's opinions in *Nealon* and *Jones* for two reasons: Defendant contends that (1) *Nealon* was overruled by *Morgan*; and (2) to the extent that *Jones* purports to declare that *Morgan* did not overrule *Nealon*, the *Jones* decision is not controlling because it is at odds with a prior panel decision by the Fourth Circuit, *Venkatraman v. REI Sys. Inc.*, 417 F.3d 418 (4th Cir. 2005). This Court will address each argument in turn.

1. <u>*Nealon* was not overruled by *Morgan*</u>

In *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992), the Fourth Circuit held that a plaintiff asserting a Title VII claim for retaliation as a result of filing an EEOC complaint could raise the claim for the first time in federal court. *Id.* at 590. The court explained that it "is the inevitable corollary of our generally accepted principle that the scope of a Title VII lawsuit may extend to

any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *Id.* (internal quotation marks and citation omitted). The court, quoting a Seventh Circuit decision, reasoned that:

> [H]aving once been retaliated against for filing an administrative charge, the plaintiff will naturally be gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation. . . . [W]e [therefore] join the other circuits that have spoken to the question in adopting the rule that a separate administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge.

*Id.* (quoting *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989).

Defendant argues that *Morgan* overrules *Nealon* on the ground that *Morgan* sets forth a bright-line rule that is in conflict with *Nealon's* exception to the exhaustion requirements. Specifically, Defendant argues that language in *Morgan* and its progeny require Plaintiff to file a separate charge with the EEOC that relates to her final termination. However, the Fourth Circuit has directly addressed the continuing validity of *Nealon*, and has held that it remains applicable. *See Jones*, 551 F.3d at 303. In *Jones*, the Fourth Circuit considered whether *Morgan* abrogated *Nealon* and stated:

> *Morgan* addresses only the issue of when the limitations clock for filing an EEOC charge begins ticking with regard to discrete unlawful employment practices. In this respect it concerns only Congress's clear preference as expressed in Title VII for "prompt processing of all charges of employment discrimination." It does not purport to address the extent to which an EEOC charge satisfies exhaustion requirements for claims of related, post-charge events. . . . *Nealon* therefore remains binding precedent.

*Id.* (internal citations omitted). Furthermore, this Court has considered the question and has held that "*Nealon* remains applicable." *Villaras v. Geithner*, No. 08-2859, 2009 WL 3418574, at *6 n.4 (D. Md. Oct. 20, 2009).

7

2. *Jones* is distinguishable from *Venkatraman*

Despite the Fourth Circuit's pronouncement in *Jones* that "*Nealon* . . . remains binding precedent," Defendant argues that this Court must disregard the *Jones* decision because "*Jones* is directly contradicted by several prior Fourth Circuit decisions which recognize the import of *Morgan*." Def.'s Opp'n 12, ECF No. 16. Specifically, Defendant points to *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 422 (4th Cir. 2005), as being in direct conflict with *Jones*. If it is true that *Jones* is contradicted by a prior panel decision of the Fourth Circuit, then this Court would be obligated to disregard that decision. *See McMellon v. United States*, 387 F.3d 329, 333-34 (4th Cir. 2004) (holding that where two published Fourth Circuit opinions conflict, the earlier decision remains controlling because a panel does not have authority to overrule a prior panel). However, for the "prior panel rule" to apply, the two panel decisions must be irreconcilable. *Id.* at 334. That is not the case here.

Plaintiff argues, and this Court agrees that *Venkatraman* and *Jones* are distinguishable. In *Venkatraman*, the Fourth Circuit held that administrative exhaustion of retaliation claims is required under *Morgan*. *Venkatraman*, 417 F.3d at 422. However, in that case, the plaintiff filed suit in federal district court without ever having made any prior EEOC complaint. The court of appeals affirmed the dismissal of his claim for failure to exhaust administrative remedies because he never filed an EEOC charge. In making its decision the Fourth Circuit stated "Venkatraman's failure to exhaust his administrative remedies barred the claim under [*Morgan*]." *Venkatraman*, 417 F.3d at 422. That language is the full extent of *Venkatraman's* consideration and application of *Morgan*. Therefore, instead of recognizing that *Morgan* overruled *Nealon*, the *Venkatraman* holding simply stands for the general principal that failure to exhaust administrative remedies

8

will bar a party's claim. As *Jones* fully considered the Supreme Court's *Morgan* decision, and is distinguishable from *Venkatraman*, this Court finds that *Jones* and *Nealon* remain applicable and control in this case. As such, Plunkett is not required to file a separate charge of discrimination with the EEOC, and she may amend her initial Complaint to include her claim of retaliation as a result of her ultimate termination by the USPS.

## CONCLUSION

For the reasons stated above, Plaintiff Marsha Plunkett's Motion to Request Leave to File First Amendment to Initial Complaint (ECF No. 13) is GRANTED. This decision is reflected in this Court's previous Order dated November 10, 2010 (ECF No. 20).

Dated: November 18, 2010  /s/_____
Richard D. Bennett
United States District Judge