IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARSHA PLUNKETT,                    *

     Plaintiff,                    *

        v.                    *          Civil Action No.: RDB-10-1096

JOHN E. POTTER, Postmaster General,          *

     Defendant.                    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Marsha Plunkett ("Plunkett"), brings this employment discrimination action against Defendant John E. Potter, in his official capacity as Postmaster General of the United States Postal Service ("Defendant" or "USPS"), Plunkett's former employer. Plunkett claims that she was unlawfully discriminated against because of her disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and that she was retaliated against for prior Equal Employment Opportunity ("EEO") activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Currently pending before this Court is Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment (ECF No. 23). The parties' submissions have been reviewed and this Court held a hearing on April 6, 2011 pursuant to Local Rule 105.6 (D. Md. 2010). For the reasons stated on the record at the hearing, this Court partially granted Defendant's motion. Specifically, this Court granted the motion to dismiss with respect to counts I, II, and III of the First Amended Complaint. This Court dismissed those counts *with* prejudice. *See* Order

1

of April 6, 2011, ECF No. 31. With respect to Count V, this Court heard argument but did not rule on the matter at the hearing. With respect to Count IV, this Court granted the motion to dismiss for failure to exhaust administrative remedies, but ordered further briefing from counsel regarding whether Count IV should be dismissed *with* or *without* prejudice. *See* Letter of April 6, 2011, ECF No. 32. Plaintiff included in her supplemental briefing, a separate Motion for Reconsideration (ECF No. 34) in which she asks this Court to reconsider its dismissal of her claims under Count IV of the First Amended Complaint. After reviewing the parties' supplemental submissions regarding Count IV, and for the reasons stated below, this Court concludes that Count IV is dismissed *with* prejudice, and Plaintiff's Motion for Reconsideration (ECF No. 34) is DENIED. In addition, Defendant's motion for summary judgment (ECF No. 23) is GRANTED with respect to Count V of the First Amended Complaint.

BACKGROUND

Plunkett began employment with the USPS in 1986, and at all times relevant to the Complaint, worked as a General Expediter at the Incoming Mail Facility located in Linthicum, Maryland. *See* Plunkett EEO Aff. at 1, ECF No. 10-2. As a General Expediter, Plaintiff was generally responsible for coordinating mail shipments within the Linthicum distribution facility. On January 30, 1990, Plaintiff was involved in an automobile accident while on the job and driving a USPS postal carrier vehicle. First Am. Compl. ¶ 13, ECF No. 21.[1] Plunkett suffered substantial injuries as a result of this accident, and has undergone

---

[1] As a result of this Court's November 10. 2010 Order (ECF No. 20) granting Plaintiff's Motion to amend her Complaint, Plaintiff subsequently filed her First Amended Complaint (ECF No. 21) on

extensive treatment and physical therapy. *Id.* at ¶¶ 14-15. Thereafter, Plunkett experienced limitations in the performance of her duties and in 2006 sought and was granted a modified/limited duty expediter assignment with the USPS. *Id.* at ¶ 17. Her duties as an Expediter remained largely the same, albeit with certain medical restrictions imposed.

Although Plunkett concedes that, initially, she was provided with accommodations[2] relating to her disability, she alleges that at certain times during her employment, she was denied requests for reasonable accommodations and that her existing accommodations were altered or rescinded. *Id.* at ¶¶ 19-22. Plunkett thereafter complained to her supervisors about her accommodation requests. From 2006 through 2008, Plunkett was, at several times, counseled, reprimanded, and later disciplined for various alleged timesheet and clock violations. *See id* at ¶ 25. Plunkett alleges that these disciplinary actions were undertaken as a result of her complaints about the denials of reasonable accommodations. *See* First Am. Compl. ¶ 23. Furthermore, Plunkett alleges that she was discriminated against as a result of her disability. *Id.* at ¶ 23-32.

Following the disciplinary actions undertaken by the USPS, Plunkett filed an informal complaint with the Equal Employment Opportunity Commission ("EEOC") on January 30, 2008. Pl.'s Mot. to Am. Compl. ¶ 11, ECF No. 13. After the informal complaint was closed, Plunkett was not satisfied, and filed a formal complaint with the EEOC in

---

the same day. Unless otherwise noted, this Court will reference the First Amended Complaint as opposed to the original Complaint.

[2] Those accommodations included: allowing Plunkett to split her shift between standing/walking and sitting with an orthopedic chair; restrictions on the amount of weight Plunkett was required to lift; and allowing Plunkett to work in a warm (65 degrees or higher) temperature.

September 2008.  *Id.* at ¶ 12; EEOC Compl. ECF No. 10-17.  Plunkett's formal discrimination and retaliation complaint was dismissed by the EEOC on February 2, 2010.  EEOC Decision, ECF No. 10-21.  At the same time, the EEOC notified Plunkett, that she had a right to sue in federal district court within ninety days of the final EEOC decision.  *Id.* at 17.  Ninety days from February 2, 2010, set a deadline of May 3, 2010 for Plunkett to file suit in this Court.

On April 21, 2010, Plunkett received a notice of proposed termination from the USPS, instructing her that her employment with the USPS was to be terminated.  First Am. Compl. ¶ 32.  The notice of proposed termination became effective on July 5, 2010, and Plunkett was officially terminated on July 21, 2010.  *See* ECF No. 10-22 at 3.  On July 21, 2010, Plunkett filed a complaint with the Merit Systems Protection Board ("MSPB") for wrongful termination, discrimination, and retaliation.  *See* MSPB Decision, ECF No. 13-3.  That complaint was subsequently dismissed for lack of jurisdiction.  *Id.* at 3.

Significantly, Plunkett had not yet been officially terminated when the May 3, 2010 deadline for filing suit in federal district court came about.  Plunkett contends that her termination was in retaliation for filing her earlier EEOC complaint.  As a result, Plunkett filed her initial Complaint on April 30, 2010, and was unable to include in that Complaint a retaliation charge stemming from her final termination.  Plunkett sought leave to amend her complaint to include a retaliation charge, and this Court granted her request.  *See Plunkett v. Potter*, __ F. Supp. 2d. __, No. RDB-10-1096, 2010 WL 4668978 (D. Md. 2010).  That retaliation charge is Count V in the First Amended Complaint.  This Court now considers Count V, Plunkett's charge of retaliation, as well as whether Count IV should be dismissed

4

with or without prejudice.

ANALYSIS

## I. Count V—Retaliation

Because this Court has already denied Defendant's motion to dismiss for failure to exhaust administrative remedies with regard to Count V, *see Plunkett v. Potter*, __ F. Supp. 2d. __, No. RDB-10-1096, 2010 WL 4668978 (D. Md. 2010), Defendant now urges this Court to enter summary judgment in its favor on Plaintiff's Count V retaliation claim.

This Court must analyze that claim under Rule 56 of the Federal Rules of Civil Procedure, which provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely

5

colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

In Count V, Plunkett claims that she was retaliated against for engaging in protected activity, namely by filing a complaint with the EEOC in 2008. The retaliation complained of in Count V is Plunkett's termination in July 2010. To state a *prima facie* case of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) the employer took adverse employment action against the plaintiff; and (3) the protected activity was causally connected to the adverse action. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007).

Here, the USPS concedes that Plunkett can satisfy the first two prongs of the above test, but argues that she can show no causal connection between her EEO activity in 2008 and her ultimate termination in 2010. This Court agrees. Aside from noting the general temporal proximity between her protected activity and her termination (a period of approximately two years), Plunkett provides no other evidence of a causal connection between the two events. Plunkett generally notes certain allegedly retaliatory actions taken by her immediate supervisor that she previously described elsewhere in her complaint, but makes no specific allegations tending to show that her termination was causally connected to

her any protected activity. In its November 18, 2010 Memorandum Opinion and Order, this Court granted leave for Plunkett to amend her complaint in order to include her final termination as she was unable to include it in her original complaint. Contrary to Plunkett's suggestion, this Court made no findings regarding, and indeed did not even consider the merits of Plunkett's proposed retaliation claims. This Court merely considered the law in this Circuit and concluded that Plunkett was not required to file a separate charge with the EEOC regarding her final termination—rather, she could amend her complaint to include a charge of retaliation, and this Court would thereafter consider the merits of such a claim. Defendant has properly challenged the merits of Plunkett's Count V, and this Court concludes that Plunkett has failed to show a causal connection between Plunkett's protected activity and her final termination. Accordingly, this Court grants summary judgment to the USPS on Plunkett's retaliation claim (Count V).

## II. Count IV—Wrongful Discharge Discrimination

At the hearing conducted on April 6, 2011, the Defendant took what this Court, at the time, referred to as a "hard-nosed" and "strong position" regarding the dismissal of Count IV with prejudice. *See* Hrg. Tr. April 6, 2011 at 41-43. Essentially, the USPS argued that because this Court dismissed Count IV for failure to exhaust administrative remedies, it therefore "must" also dismiss those claims with prejudice. At the time, this Court interpreted the USPS's position as giving no leeway or discretion to this Court, but after reviewing the parties' supplemental briefing on the issue, this Court concludes that although it does have discretion under certain circumstances to dismiss without prejudice, in the present case and under the facts at hand, dismissal with prejudice is warranted.

Before a federal civilian employee may file suit under the Rehabilitation Act, she must first exhaust her administrative remedies. *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 462 (D. Md. 2002). Claims brought under the Rehabilitation Act are also governed by the exhaustion requirements and filing procedures applicable to Title VII claims against federal employers. 29 U.S.C. § 794a(a)(1); 29 C.F.R. § 1614.103(a). Prior to filing a charge of discrimination with the EEOC, a federal civilian employee has forty-five days to initiate contact with an EEO counselor after the occurrence of an employment action or matter that she believes to be discriminatory. Thus, "a district court must dismiss an employment discrimination claim if the plaintiff fails to seek EEO counseling within the prescribed time period." *Emmert v. Runyon*, No. 98-CV-2027, 1999 WL 253632, at *2-6 (4th Cir. Apr. 29, 1999) (affirming dismissal of Rehabilitation Act claims where plaintiff failed to make timely contact with EEO counselor); *see also Kim v. Potter*, No. 09-2973, 2010 WL 2253656, at *6 (D. Md. June 2, 2010) (dismissing Rehabilitation Act claims where plaintiff did not make contact with the EEOC representative within forty-five days of the adverse action).

Here it is undisputed that Plunkett never exhausted her administrative remedies with regard to Count IV. On July 21, 2010, Plunkett filed a complaint with the Merit Systems Protection Board for wrongful termination, discrimination, and retaliation. *See* MSPB Decision, ECF No. 13-3. That complaint was subsequently dismissed for lack of jurisdiction on September 28, 2010. *Id.* at 3. On October 22, 2010, the MSPB advised Plunkett that she was required to file an EEO complaint within forty-five days (*i.e.*, by December 6, 2010) pursuant to 29 C.F.R. § 1614.302(b). Plunkett never filed the requisite EEO complaint. Because the forty-five day window has now passed, it is impossible for Plunkett to now

timely file a charge of discrimination with the EEOC. Accordingly, the USPS argues that her claims under Count IV must be dismissed with prejudice.

There is ample precedent for the Defendant's position. *See, e.g.*, *Black v. Cecil College*, No. RDB-09-1182, 2009 WL 2366383, at *3 (D. Md. July 28, 2009) (dismissing discrimination claim *with* prejudice where plaintiff failed to timely file administrative charge with EEOC); *Walton v. Guidant Sales Corp.*, 417 F. Supp. 2d 719, 724 (D. Md. 2006) (same); *Quraishi v. Shalala*, 962 F. Supp. 55, 58 (D. Md. 1997). Importantly, it must be noted that Count IV of Plunkett's amended complaint is a claim for *discrimination* and not *retaliation*. In this Court's previous Memorandum Opinion, it noted that in certain circumstances administrative exhaustion of *retaliation* claims is unnecessary where the retaliation stems from a previously timely filed EEOC complaint. *See Plunkett v. Potter*, __ F. Supp. 2d. __, No. RDB-10-1096, 2010 WL 4668978 (D. Md. 2010) (examining *Jones v. Calvert Group, Ltd.*, 551 F.3d 297 (4th Cir. 2009) and *Nealon v. Stone*, 958 F.2d 584 (4th Cir. 1992). This narrow exception does not extend to discrimination claims. *See Jones*, 551 F.3d at 301-02, *Nealon*, 958 F.2d at 587-88; *Simmington v. Gates*, No. DKC-08-3169, 2010 WL 1346462, at *8-9 (D. Md. March 30, 2010). Because Plunkett's Count IV is one for discrimination and not for retaliation, she cannot find solace in the narrow exception explicated by the Fourth Circuit in *Nealon*.[3]

---

[3] Unfortunately, it appears as though Plaintiff incorrectly interpreted this Court's November 18, 2010 Opinion. Apparently she believed that because this Court held that she need not file additional complaints with the EEOC on her Count V retaliation claim, she also did not need to seek administrative exhaustion on her Count IV discrimination claim. However, as previously discussed, there is a narrow exception for retaliation claims, which is not applicable for discrimination claims.

Moreover, Plunkett's request for equitable tolling is unavailing. The Fourth Circuit has clearly explained that "equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kotokis v. U.S. Postal Service*, 223 F.3d 275, 280-81 (4th Cir. 2000) (quoting *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987); *see also Young v. United States*, No. RDB-08-3349, 2009 WL 2170068, at *6 n.10 (D. Md. July 20, 2009). Here, Plunkett has made no suggestion that she was wrongfully deceived or misled regarding any administrative filing deadlines. As such, she may not invoke equitable tolling here.

In sum, and for the reasons stated above, Plunkett's Count IV discrimination claim is dismissed *with prejudice*.

## III. Motion For Reconsideration

Although it was not docketed as such, Plunkett's response to Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment contains a separate Motion for Reconsideration (ECF No. 34). The Federal Rules of Civil Procedure do not expressly provide for a "postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, No. 09-2272, 2011 WL 857144, at *5 n.4 (4th Cir. Mar. 14, 2011). As this Court recently explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, Civ. No. WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Here, Plunkett does not specifically reference whether her motion for reconsideration was filed under Rule 59(e) or Rule 60(b). However, because it was filed within 28 days of this Court's April 6 Order dismissing Count IV, it will be considered under Rule 59(e).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al., Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its

11

entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

Here, Plunkett does not argue that there has been an intervening change in controlling law or that there is new evidence not previously available. Plunkett does not even argue that there has been a clear error of law or a manifest injustice. Essentially, Plunkett argues that because her Count IV claim incorporated by reference allegations of retaliatory conduct, that claim should actually be considered akin to a retaliation claim and thereby salvageable under the Fourth Circuit's narrow administrative exhaustion exception applicable to retaliation claims discussed *supra*. This is a new argument that could easily have been raised prior to this Court's ruling. In particular, at the hearing conducted on April 6, 2011, this Court stated its belief that Count IV was a discrimination claim and Plunkett did not object or argue otherwise. Moreover, Plunkett's amended complaint specifically seeks recovery on Count IV for wrongful discrimination, and in her response to Defendant's motion to dismiss, Plunkett referred to Count IV as a "unlawful discrimination" claim. *See* Am. Compl. ¶ 75, ECF No. 21; Pl.'s Opp'n 30-34, ECF No. 26.

Because Rule 59(e) does not permit a party to "raise arguments which could have been raised prior to the issuance of the judgment," nor does it enable a party to "argue a case under a novel legal theory that the party had the ability to address in the first instance," *Pacific Ins. Co.*, 148 F.3d at 403, this Court concludes that Plaintiff has failed to meet her burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED with respect to Count V of the First Amended Complaint. As such, this Court has now dismissed or granted summary judgment to all counts in Plaintiff's complaint. In addition, it is specifically noted that Count IV is dismissed with prejudice. Furthermore, Plaintiff's Motion for Reconsideration (ECF No. 34) is DENIED.


A separate Order follows.

Dated:      April 28, 2011      /s/_____
                                           Richard D. Bennett
                                         United States District Judge